UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LISHA HAMMOCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. _____ |
| v. | § | |
| | § | |
| ANGELINA COUNTY, TEXAS and | § | JURY TRIAL DEMANDED |
| THELMA SHERMAN, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Lisha Hammock (referred to as "Plaintiff" or "Hammock") and files this lawsuit against Defendants Angelina County, Texas (referred to as "Angelina County") and Thelma Sherman, individually and in her official capacity (referred to as "Sherman").[1]  As described more fully below, Defendants, acting under color of Texas law, violated Hammock's clearly established constitutional rights guaranteed to her by the United States Constitution.

**I.  Introduction**

1.     This action seeks equitable relief, compensatory and punitive damages, attorney's fees, expert witness fees, costs of court, and prejudgment and postjudgment interest for violations of Hammock's constitutional rights.

---

[1] The defendants are sometimes collectively referred to as "Defendants."

## II.  Parties

2.      Plaintiff Lisha Hammock is a resident of Angelina County, Texas; at all relevant times, she was a deputy clerk in the Angelina County Tax Assessor-Collector's Office.

3.      Defendant Angelina County, Texas is a political subdivision of the State of Texas and may be served with process by serving Angelina County Judge Wes Suiter at the Angelina County Denman Building, 102 W. Frank Avenue, Lufkin, Texas 75904 or wherever he may be found.  *See*, Tex. Civ. Prac. & Rem. Code § 17.024(a).

4.      Defendant Thelma Sherman is and, at all relevant times, was tax assessor-collector of Angelina County, Texas; she may be served with process at the Angelina County Tax Office, 606 E. Lufkin Avenue, Lufkin, Texas 75901 or wherever she may be found.  Sherman is sued both in her individual capacity and in her official capacity.

## III.  Jurisdiction & Venue

5.      This action arises under 42 U.S.C. §§ 1983, 1988 and U.S. Const. amend. I.

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 because it arises under 42 U.S.C. §§ 1983, 1988, a federal statute, and because it seeks to redress the deprivation of rights, privileges, and/or immunities guaranteed by the United States Constitution.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendants reside in the Lufkin Division of the Eastern District of Texas and/or a substantial part of the events or omissions giving rise to Hammock's claims occurred in the Lufkin Division of the Eastern District of Texas.

## IV.  Facts

8.    Hammock, a long-time employee Angelina County, Texas, was fired because of a post on social media related to her candidacy for Angelina County Tax Assessor-Collector.

9.    Before her termination, Hammock worked in the Angelina County Tax Assessor-Collector's Office for over five years.

10.    In 2015, Hammock decided to run for Angelina County Tax Assessor-Collector and declared her candidacy for office.

11.    After doing so, she created a Facebook page for her campaign.

12.    On September 27, 2015, Hammock wrote on her campaign Facebook page on her personal time that

> changes need to be made in the [Angelina County Tax Assessor-Collector's] office, and I believe the office can be made more efficient for the taxpayers and citizens of Angelina County.

13.    After reading the post, Sherman, who supported a rival candidate named Billie Page, told Hammock to delete it.

14.    Citing Angelina County's policy on political activity, which expressly permits county employees "engage in political activity during their personal time," Hammock refused.

15.    Sherman terminated Hammock as a result, and she admits it.

16.    For example, Sherman told *The Lufkin News* this:

> I told her I would like [the Facebook post] down before the filing period starts [on November 14th].  With that, we are

> fine.  When she didn't [remove the Facebook post] and I confronted her, she said she had no intention of taking it down.  Because of the comment, I felt she was bashing the office and her co-workers, and therefore I told her she could not work for this office.  I think any other employer would do the same thing.

Steve Knight, *Tax Assessor-Collector Candidate Loses Job Due to Post on Her Facebook Page, Lufkin News*, Jan. 7, 2016, at 2A.

17.     During a hearing in connection with Hammock's application for unemployment benefits, Sherman told the Texas Workforce Commission the same thing under oath.

18.     Based on her testimony, the Texas Workforce Commission found

> that [Hammock's] statements on her campaign statements on her campaign Facebook page consisted of constitutionally protected free speech and was also protected under [Angelina County's] Policy on Political Activity.  The instruction from [Sherman] to remove or change the statements violated the employer's Policy on Political Activity and also violated [Hammock's] constitutionally protected right to free speech. [Hammock's] refusal to comply with that directive did not constitute insubordination or misconduct connected with work.

19.     As a result of Defendants' conduct, Hammock was terminated for engaging in political activity in violation of the rights guaranteed to her by U.S. Const. amend. I.

20.     Defendants' wrongful acts have directly and/or proximately caused grievous, permanent injury to Hammock, including great emotional distress, physical pain, mental anguish, fear, humiliation, embarrassment, degradation, injury to her reputation, suffering and economic damages (including loss of income).

## V.  Count One—Violation of 42 U.S.C. § 1983/
### Hammock's First Amendment Rights: Freedom of Speech
### (Sherman)

21.     Hammock adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

22.     The First Amendment, made applicable to the states through the due process clause of the Fourteenth Amendment, protects Hammock from any adverse employment action resulting from speech involving a matter of public concern.

23.     In 2015, Hammock decided to run for Angelina County Tax Assessor-Collector and posted a statement regarding her candidacy on her campaign's Facebook page.

24.     Political speech, like Hammock's Facebook post, is protected by the First Amendment and Angelina County policy, and her interest in speaking outweighs Angelina County's interest in efficiency.

25.     Sherman, however, acting under color of Texas law, terminated Hammock as a result of her protected speech, and she did so while acting under color of law.

26.     Sherman's unlawful conduct caused grievous, permanent injury to Hammock, including great distress, physical pain, mental anguish, fear, suffering and economic damages.

## VI.  Count Two—Violation of 42 U.S.C. § 1983/
### *Monell* Claim Against Local Governmental Entity:
### Unconstitutional Local Government Custom, Policy or Practice
### (Angelina County)

27.     Hammock adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

28.     Under Angelina County policy and Texas law, the Tax Assessor-Collector is the final policymaking authority with respect to the employees who work for her, including Hammock.

29.     As the final policymaking authority with respect to the employees who work for her, a single decision by the Tax Assessor-Collector constitutes a custom, policy or practice for § 1983 purposes.

30.     As evidenced by Hammock's termination and Sherman's statements to media outlets and the Texas Workforce Commission, Angelina County had a custom, policy or practice of terminating employees for political speech.

31.     As the final policymaking authority vis-à-vis Hammock, Sherman actually knew of the existence of the custom, policy or practice.

32.     When Sherman terminated Hammock for engaging in protected, political speech, a constitutional violation occurred.

33.     Angelina County's custom, policy or practice of terminating employees for political speech served as the motivating force behind the constitutional violation.

34.     These customs, policies and/or practices, individually and in the aggregate, proximately caused grievous, permanent injury to Hammock, including great distress, physical pain, mental anguish, fear, suffering and economic damages.

### VII.  Count Three—Violation of 42 U.S.C. § 1983/
### *Monell* Claim Against Local Governmental Entity:
### Failure to Adequately Train
### (Angelina County)

35.     Hammock adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

36.     Angelina County policy expressly permits employees to engage in political activity on their own time, and it prohibits county employees from engaging in political activity while on duty:

> 1.  Employees of Angelina County shall have the right to support candidates of their choice and to engage in political activity in their personal time.

> 2.  Employees of Angelina County shall not:
>     a.  Use their official authority or influence to interfere with or affect the result of any election or nomination for office;
>     b.  Directly or indirectly coerce, attempt to coerce, command or advise a state or local official or employee to pay, lend or contribute anything of value to a party, committee, organization, agency or person for a political reason; [or]
>     c.  Use any equipment, property or material owned by the County for political activity or engage in political activity while on duty for the County.

37.     Sherman violated nearly every sentence in that policy, and she did so because she was in adequately trained.

38.     She terminated Hammock because Hammock engaged in political activity on her own time.

39.     She also actively supported Hammock's rival candidate while on duty for the County.

40.     She even used County time and resources to campaign for Hammock's rival candidate.

41.     She did all of these things because she was inadequately trained on Angelina County's policy on political activity.

42.     Angelina County's failure to train may fairly be said to represent a policy for which the County is responsible.

43.     Angelina County's failed to train Sherman regarding its policy on political activity because it was deliberately indifferent to Hammock's rights to engage in political activity on her own time.

44.     A constitutional violation occurred as a result of Angelina County's failure to train Sherman.

45.      Angelina County's failure to train Sherman on its policy on political activity caused grievous, permanent injury to Hammock, including great distress, physical pain, mental anguish, fear, suffering and economic damages

## VIII.  Attorney's Fees & Costs

46.     Hammock adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

47.     Hammock is authorized to recover attorney's fees and costs on her claims by statute and under principles of equity.  *See, e.g.*, 42 U.S.C. § 1988 (permitting recovery of attorney's fees for claims arising under 42 U.S.C. § 1983).

48.     Hammock has retained the professional services of the undersigned attorneys.

49.     Hammock has complied with the conditions precedent to recovering attorney's fees and costs.

50.     Hammock is entitled to recover her attorney's fees and costs.

51.     Hammock has incurred or may incur attorney's fees and costs in bringing this lawsuit.

52.     The attorney's fees and costs incurred or that may be incurred by Hammock were or are reasonable and necessary.

## IX.  Conditions Precedent

53.     All conditions precedent have been performed or have occurred.

## X.  Jury Demand

54.     Hammock demands a trial by jury on all issues triable to a jury.  *See*, Fed. R. Civ. P. 38.

## XI.  Prayer

55.     To redress the injuries directly and/or proximately caused by Defendants' wrongful conduct and to prevent the substantial risk of additional, irreparable injury from the customs, policies and/or practices complained of in this lawsuit, Hammock

respectfully requests that the Court enter a judgment in her favor that provides the following relief:

a. damages in an amount to be established at trial resulting from the deprivation of Hammock's constitutional rights, including past and future economic loss, physical harm, emotional trauma, loss of privacy, and loss of reputation;

b. damages in an amount to be established at trial sufficient (1) to punish Defendants for their outrageous and malicious conduct which was undertaken with a reckless disregard for and with deliberate indifference to Hammock's constitutional rights; (2) to discourage Defendants from engaging in similar conduct in the future and (3) to deter others from engaging in similar unlawful conduct;

c. an award of reasonable and necessary attorney's fees as specifically authorized by, among other things, 42 U.S.C. § 1988;

d. an award of reasonable and necessary costs and expenses;

e. a permanent injunction that requires Angelina County to provide training to current and incoming personnel on its policy on political activity;

f. prejudgment interest as provided by law;

g. postjudgment interest as provided by law; and

h. judgment for all the other relief to which Hammock may be entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____
Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF
LISHA HAMMOCK**